David Yang (SBN 246132)
dyang@hycounsel.com
Matthew Hawkinson (SBN 248216)
mhawkinson@hycounsel.com
Kevin Goldman (SBN 249894)
kgoldman@hycounsel.com
Patrick Park (SBN 246348)
ppark@hycounsel.com
HAWKINSON YANG LLP
8033 W. Sunset Blvd. #3300
Los Angeles, CA 90046
Tel: (213) 634-0370
Fax: (213) 260-9305

Jonathan Barbee (*pro hac vice forthcoming*)
jbarbee@hycounsel.com
HAWKINSON YANG LLP
167 Madison Ave., Ste 205 #460
New York, NY 10016
Tel: (646) 389-4901

Attorneys for Plaintiff
Kingmark Manufacturing Company

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## EASTERN DIVISION

| | |
|---|---|
| Kingmark Manufacturing Company,<br><br>          Plaintiff,<br><br>     v.<br><br>Ningbo Xinrun Textile Co., Ltd. and<br>Machimpex USA, LLC,<br><br>          Defendants. | Case No. 5:25-cv-01772<br><br>**PLAINTIFF KINGMARK MANUFACTURING COMPANY'S COMPLAINT FOR DECLARATORY JUDGMENT OF NONINFRINGEMENT, DECLARATORY JUDGMENT OF INVALIDITY, DECLARATORY JUDGMENT OF UNENFORCEABILITY, AND UNFAIR COMPETITION**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Kingmark Manufacturing Company ("Kingmark"), by and through its attorneys, files its Complaint for Declaratory Judgment of Noninfringement, Declaratory Judgment of Invalidity, Declaratory Judgment of Unenforceability, and Unfair Competition against Defendants Ningbo Xinrun Textile Co., Ltd. ("Xinrun") and Machimpex USA, LLC ("Machimpex").

## THE PARTIES

1.     Kingmark is a California corporation with a principal place of business at 2611 E. Lindsay Privado Drive, Ontario, California 91761. Kingmark sells microfiber cleaning products on Amazon through its LULUCATCH Amazon storefront.

2.     Xinrun is a Chinese corporation with an address of No. 89 Weisan Xi Road, Chongshou Industrial Park, Liutang Village, Chongshou Town, Ningbo City, Zhejiang Province 315334. Xinrun is identified as an assignee on the face of U.S Patent No. 12,209,354 (the "'354 Patent") and, on information and belief, owns the '354 Patent jointly with Machimpex.

3.     Machimpex is a Massachusetts corporation with a principal place of business at 1 Research Drive, Suite 315C, Westborough, MA 01581. Robert Poirier is the principal of Machimpex. On information and belief, Machimpex is a joint owner of the '354 Patent or is the exclusive licensee of the '354 Patent and has the authority to license and grant covenants-not-to-sue regarding the '354 Patent.

## JURISDICTION AND VENUE

4.     Kingmark brings these claims under, inter alia, the patents laws of the United States, 35 U.S.C. § 1 et seq., the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the unfair competition laws of California, Cal. Bus. & Prof. Code § 17200 et seq. Accordingly, this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (federal question), 1338 (patents), 2201 and 2202 (declaratory judgment), and 1367 (supplemental jurisdiction over the state law claim).

5.      Xinrun and Machimpex are subject to the personal jurisdiction of this Court at least because Xinrun submitted patent infringement claims through Amazon's "Report Infringement" system that alleged that Kingmark infringed the '354 Patent by selling certain microfiber cleaning cloth products through its LULUCATCH storefront on Amazon. On information and belief, Xinrun and Machimpex work together closely regarding the assertion and licensing of the '354 Patent. On information and belief, Xinrun has filed numerous infringement claims on Amazon, including the claims against Kingmark, at the behest of or coordination with Machimpex, with the knowledge and cooperation of Machimpex, and/or to benefit Machimpex. On information and belief, Machimpex is a joint owner or the exclusive licensee of the '354 Patent, based on statements made by attorneys for Machimpex and Xinrun. Xinrun and Machimpex purposefully directed their enforcement activities at this District because Kingmark has its principal place of business in Ontario, California and operates its LULUCATCH storefront from that location. The infringement claim arises out of Kingmark's activities in this District, and Kingmark suffered harm from the infringement claims in this District. The Court's assertion of personal jurisdiction over Xinrun and Machimpex is fair and reasonable under these circumstances. *See SnapRays v. Lighting Def. Grp.*, 100 F.4th 1371 (Fed. Cir. 2024).

6.      Venue is proper in this District for these claims under at least 28 U.S.C. § 1391(b). Kingmark's principal place of business is within the Central District of California.

## **BACKGROUND**

### A.      **Xinrun and Machimpex's Accusations of Infringement Against Kingmark**

7.      Kingmark sells microfiber cleaning cloth products on Amazon's marketplace through its LULUCATCH storefront on Amazon.

8.    Machimpex also sells microfiber cleaning cloth products. Xinrun manufactures microfiber cleaning cloths. On information and belief, Machimpex is a customer of Xinrun.

9.    On May 2, 2025, Xinrun used Amazon's "Report Infringement" system to file notices of infringement against Kingmark and its LULUCATCH storefront regarding the '354 Patent. The notices accused Kingmark of infringing the '354 Patent by selling products through its LULUCATCH storefront.

10.   As a result of Xinrun filing that infringement notice, Amazon threatened to delist Kingmark's products on its LULUCATCH storefront and otherwise limit Kingmark's selling privileges for its LULUCATCH storefront. Kingmark also lost sales because it delisted several products for a period of time as a result of receiving the infringement notice from Amazon. To date, Kingmark continues to face the imminent threat that Amazon will delist its products or take other punitive actions in response to Xinrun's notice of infringement.

11.   On information and belief, Xinrun has submitted claims of infringement against numerous sellers on Amazon, including Kingmark, with Machimpex's knowledge and consent and/or at the instruction of Machimpex. These infringement claims were made for the benefit of Machimpex as Xinrun's customer in the United States for its microfiber products. The intent of Xinrun and Machimpex in making these claims is to force competing products off of Amazon.

12.   On May 20, 2025, an attorney for Machimpex stated that Machimpex would retract the Amazon infringement notices that were filed against Kingmark. On May 28, 2025, that attorney stated that he believed that the Amazon infringement notices had been retracted. Yet, to date, Kingmark has not received any notification from Amazon of retraction of the infringement notices.

**B.    The '354 Patent**

13.   The '354 Patent issued on January 28, 2025 from an application filed on July 5, 2022. The '354 Patent claims priority to a Chinese patent application filed

on March 24, 2022. Xinrun is listed as both the applicant and assignee on the face of the '354 Patent. On information and belief, Xinrun and Machimpex are joint owners of the '354 Patent or Machimpex is the exclusive licensee of the '354 Patent. Machimpex's attorney claimed that it has the authority to grant licenses and covenants-not-to-use regarding the '354 Patent. Likewise, Xinrun's attorney explained that "[a]ny inquiries concerning a license or convenant not to sue" for the '354 Patent "should be directed to" Machimpex. Attached hereto as Exhibit A is a true and correct copy of the '354 Patent.

14.   According to the specification of the '354 Patent, its purported invention "relates to a textile cloth, in particular to a polyester fiber textile cloth that can be torn into pieces." '354 Patent at 1:15-16. More specifically, the patent "discloses a continuous polyester fiber textile cloth that can be torn into pieces, processing equipment and a processing method." *Id.* at Abstract.

15.   Claim 1, the only independent claim of the '354 Patent, requires, *inter alia*, (1) "a heating temperature of an ultrasonic welding head being 150-400° C," (2) "a duration for a knife edge to press down and contact the polyester fiber textile cloth being 0.02-1 second," and (3) that "high-frequency ultrasonic waves" are used in manufacturing infringing products. *Id.* at 9:9-13. All of the dependent claims in the '354 Patent have the same requirements because they all depend from claim 1.

16.   The '354 Patent has a Chinese counterpart, Chinese Patent No. CN114714730B (the "Chinese Counterpart"), which issued from Chinese Patent Application No. 202210301190.5, the same application to which the '354 Patent claims priority. The '354 Patent explains that it "claims the benefit and priority of Chinese patent application No. 202210301190.5" that was "filed on Mar. 24, 2022." *Id.* at 1:8-10. The '354 Patent further explains that the Chinese application "is hereby incorporated by reference in its entirety" into the '354 Patent. *Id.* at 1:10-11. Attached hereto as Exhibit B is a true and correct copy of Chinese Patent No. CN114714730B. Attached hereto as Exhibit C is a true and correct copy of a

machine translation of the abstract, description, and claims of Chinese Patent No. CN114714730B obtained from Espacenet.

17.     The claim elements of the '354 Patent were previously disclosed and/or claimed in the Chinese Counterpart. That is to say, the '354 Patent and the Chinese Counterpart are directed to the same or substantively similar subject matter.

18.     The inventors listed on the Chinese Counterpart are Buyi Cen, Jieyuan Cen, Lijun Lin, and Chenxin Fei. The '354 Patent lists those four individuals as inventors, but it also lists Robert Poirier as an additional inventor. On March 21, 2024, Mr. Poirier submitted a declaration to the United States Patent and Trademark Office to be added as an inventor to the application leading to the '354 Patent. That declaration attested that he "believ[ed] that [he is] the original inventor or an original joint inventor of a claimed invention in the application" leading to the '354 Patent.

19.     On April 28, 2024, the China National Intellectual Property Administration issued a decision that wholly invalidated the Chinese Counterpart for lack of inventiveness over the prior art.

## COUNT I

### (Declaratory Judgment of Noninfringement of the '354 Patent)

20.     Kingmark incorporates herein by reference and realleges all preceding paragraphs as though fully set forth herein.

21.     An actual and justiciable case or controversy exists between Kingmark and Xinrun and Machimpex regarding the alleged infringement of the '354 Patent. Xinrun has already asserted the '354 Patent against Kingmark and its LULUCATCH Amazon storefront through Amazon's "Report Infringement" system. There is a real and reasonable apprehension that Xinrun and Machimpex will seek to further enforce the '354 Patent against Kingmark.

22.     Xinrun and Machimpex have alleged and continue to assert that Kingmark and products sold through its LULUCATCH Amazon storefront infringe

the '354 Patent. To date, Xinrun and Machimpex have not provided any evidence that Kingmark infringes the '354 Patent.

23.     Kingmark does not infringe any claims of the '354 Patent because, inter alia, its products do not meet the claim limitations of claim 1 of the '354 Patent, such as the limitations requiring "heating temperature of an ultrasonic welding head [of] 150-400° C," "duration for a knife edge to press down and contact the polyester fiber textile cloth [of] 0.02-1 second," and "high-frequency ultrasonic waves."

24.     In addition, Kingmark does not infringe any dependent claims of the '354 Patent for at least the reason that it does not infringe claim 1 of the '354 Patent.

25.     Kingmark's activities, products, marketing, and services have not and do not infringe, willfully or otherwise, any valid and enforceable claims of the '354 Patent.

26.     Kingmark's activities, products, marketing, and services have not and do not infringe, literally or under the doctrine of equivalents, any valid and enforceable claims of the '354 Patent.

27.     Further, Kingmark does not indirectly infringe the '354 Patent because, at least, Kingmark had no actual or constructive knowledge of the '354 Patent prior to Xinrun and Machimpex's assertion of the '354 Patent through Amazon's "Report Infringement" system.

28.     Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Kingmark requests a declaration of the Court that Kingmark does not infringe and has not infringed any claim of the '354 Patent.

## COUNT II

### (Declaratory Judgment of Invalidity of the '354 Patent)

29.     Kingmark incorporates herein by reference and realleges all preceding paragraphs as though fully set forth herein.

30.     An actual and justiciable case or controversy exists between Kingmark and Xinrun and Machimpex regarding the validity of the '354 Patent. Xinrun has

already asserted the '354 Patent against Kingmark and its LULUCATCH Amazon storefront through Amazon's "Report Infringement" system. There is a real and reasonable apprehension that Xinrun and Machimpex will seek to further enforce the '354 Patent against Kingmark.

31.    The claims of the '354 Patent are invalid for failure to comply with one or more conditions of patentability set forth in one or more provisions of 35 U.S.C. §§ 101, 102, 103, 112, and/or 115 or under other judicially-created bases for invalidation.

32.    Pursuant to §§ 102 and 103, the '354 Patent is invalid because it is anticipated and/or rendered obvious by the prior art. Critically, the Chinese Counterpart of the '354 Patent was found to be invalid. There are no substantial or material differences between the claims of the Chinese Counterpart and the claims of the '354 Patent, and the '354 Patent claims priority to the Chinese Counterpart. Xinrun and Machimpex have failed to offer any evidence demonstrating that the '354 Patent is substantially or materially different from the Chinese Counterpart that was found to be invalid.

33.    Further, on information and belief, the '354 Patent is invalid due to incorrect inventorship under 35 U.S.C. §§ 101, 115, and/or 256. When the patent application was originally filed on July 5, 2022, it identified only the same four Chinese inventors listed in the Chinese Counterpart. However, nearly two years later, on March 21, 2024, the applicant filed a request to add Robert Poirier as an inventor, claiming that he was not originally named as an inventor "through error and without any deceptive intent," and the request was approved. On information and belief, Mr. Poirier was improperly added as an inventor because he did not actually contribute to the alleged conception of the alleged invention of the '354 Patent. Mr. Poirier does not appear as an inventor on the Chinese Counterpart to the '354 Patent, which is substantially and materially similar to the '354 Patent. Xinrun and Machimpex have failed to provide any explanation for why Mr. Poirier was

added as an inventor to the '354 Patent and not added as an inventor to the Chinese Counterpart.

34.     Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Kingmark requests a declaration of the Court that the asserted claims of the '354 Patent are invalid.

## COUNT III

### (Declaratory Judgment of Unenforceability of the '354 Patent)

35.     Kingmark incorporates herein by reference and realleges all preceding paragraphs as though fully set forth herein.

36.     An actual and justiciable case or controversy exists between Kingmark and Xinrun and Machimpex regarding the enforceability of the '354 Patent. Xinrun has already asserted the '354 Patent against Kingmark and its LULUCATCH Amazon storefront through Amazon's "Report Infringement" system. There is a real and reasonable apprehension that Xinrun and Machimpex will seek to further enforce the '354 Patent against Kingmark.

37.     By improperly adding Mr. Poirier as an inventor to the '354 Patent, the '354 Patent is unenforceable due to inequitable conduct. On information and belief, Xinrun, Mr. Poirier, and/or others involved in the prosecution of the '354 Patent violated their duty of candor to the United States Patent and Trademark Office by filing a request to add Mr. Poirier as an inventor and allowing Mr. Poirier to file a declaration that falsely stated that he should be named as an inventor on the '354 Patent when he made no contribution to the alleged invention of the '354 Patent.

38.     Xinrun and Machimpex have used the '354 Patent anticompetitively to thwart Kingmark's business and LULUCATCH Amazon storefront, all while knowing that the '354 Patent is more than likely invalid and was obtained fraudulently by improperly adding Mr. Poirier as an inventor. Xinrun and Machimpex asserted their infringement claims against Kingmark despite lacking a reasonable basis for the claims, including because they had no evidence that

Kingmark's products were made using the specific processes claimed by the '354 Patent. Kingmark's products in fact do not infringe the claims of the '354 Patent. By asserting that Kingmark's products infringe the '354 Patent without any evidence or reasonable basis for that assertion, Xinrun and Machimpex impermissibly broadened the scope of the '354 Patent and sought to use an invalid patent to interfere with Kingmark's relationship with Amazon and its competition in the marketplace through its LULUCATCH storefront.

39.    Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Kingmark requests a declaration of the Court that the '354 Patent is unenforceable.

## COUNT IV

### (Unfair Competition, Cal. Bus. & Prof. Code §1 7200 et seq.)

40.    Kingmark incorporates herein by reference and realleges all preceding paragraphs as though fully set forth herein.

41.    Xinrun and Machimpex have unfairly and unlawfully competed against Kingmark by asserting the '354 Patent against Kingmark in an effort to intimidate Kingmark, inhibit its ability to compete in the marketplace, and interfere with Kingmark's business relationship with Amazon. Further, Xinrun and Machimpex asserted the '354 Patent against Kingmark while knowing that it is likely invalid and/or unenforceable, without having evidence that Kingmark is infringing the '354 Patent, and knowing that Mr. Poirier was improperly added as an inventor to the '354 Patent. Amazon's "Report Infringement" system requires that infringement notices be filed only for a patent that is "active and enforceable." Nevertheless, Xinrun reported that Kingmark infringed the '354 Patent when Xinrun and Machimpex had no basis to believe that Kingmark's products infringed the patent and knew or should have known that the '354 Patent was not "active and enforceable."

42.    Xinrun and Machimpex have used the '354 Patent anticompetitively to thwart Kingmark's business and LULUCATCH Amazon storefront, all while

knowing that the '354 Patent is more than likely invalid and was obtained fraudulently by improperly adding Mr. Poirier as an inventor. Xinrun and Machimpex asserted their infringement claims against Kingmark despite lacking a reasonable basis for the claims, including because they had no evidence that Kingmark's products were made using the specific processes claimed by the '354 Patent. Kingmark's products in fact do not infringe the claims of the '354 Patent. By asserting that Kingmark's products infringe the '354 Patent without any evidence or reasonable basis for that assertion, Xinrun and Machimpex impermissibly broadened the scope of the '354 Patent and sought to use an invalid patent to interfere with Kingmark's relationship with Amazon and its competition in the marketplace through its LULUCATCH storefront.

43.    Xinrun and Machimpex have benefitted from their unfair competition by stifling Kingmark's ability to compete in Amazon's marketplace, tarnishing Kingmark's goodwill with Amazon and its customers, and interfering with Kingmark's relationship with Amazon, because Xinrun and Machimpex sell products that compete with those offered by Kingmark.

44.    Due to Xinrun and Machimpex's actions, Kingmark has been and will continue to be damaged and suffer irreparable harm through the loss of business on Amazon's platform, loss of goodwill with Amazon, loss of goodwill with its customers, and loss of revenue and profits. Kingmark is entitled to restitution and injunctive relief for Xinrun and Machimpex's unfair competition.

//

## **PRAYER FOR RELIEF**

WHEREFORE, Kingmark respectfully requests that the Court enter judgment in its favor and against Xinrun and Machimpex as follows:

A.     a declaration that Kingmark has not infringed and does not infringe any valid and enforceable claim of the '354 Patent;

B.     a declaration that the '354 Patent is invalid and/or unenforceable;

C.     a finding that Xinrun and Machimpex engaged in unfair competition against Kingmark in violation of Cal. Bus. & Prof. Code § 17200 et seq.;

D.     an order barring Xinrun and its officers, agents, servants, employees, attorneys, and others in active concert or participation with them from asserting infringement or instituting or continuing any action for infringement of the '354 Patent against Kingmark, its LULUCATCH storefront on Amazon, or its suppliers, manufacturers, distributors, resellers of its products, customers, or end users of its products, including by instituting any enforcement action through Amazon;

E.     an order barring Machimpex and its officers, agents, servants, employees, attorneys, and others in active concert or participation with them from asserting infringement or instituting or continuing any action for infringement of the '354 Patent against Kingmark, its LULUCATCH storefront on Amazon, or its suppliers, manufacturers, distributors, resellers of its products, customers, or end users of its products, including by instituting any enforcement action through Amazon;

F.     injunctive relief against Xinrun and Machimpex, including preliminarily and permanently enjoining Xinrun and Machimpex from (1) asserting the '354 Patent against Kingmark and its LULUCATCH storefront, including by using Amazon's enforcement mechanisms, such as Amazon's "Report Infringement" system, against Kingmark and its LULUCATCH storefront on the basis of the '354 Patent and (2) engaging in any unfair competition against Kingmark and its LULUCATCH storefront;

1   G. money damages, including compensatory damages in an amount to be

2 determined, for Xinrun and Machimpex's unfair competition;

3   H. an award of expenses, costs, and disbursement in this action, including

4 prejudgment interest;

5   I. an order declaring that this is an exceptional case and awarding

6 Kingmark its reasonable attorney fees under 35 U.S.C. § 285; and

7   J. such other and additional relief as this Court may deem just and proper.

8

9        **<u>DEMAND FOR JURY TRIAL</u>**

10   Kingmark hereby demands trial by jury on all matters at issue in this case so

11 triable.

12

13 DATED: July 14, 2025    Hawkinson Yang LLP

14

15        By: /s/ David Yang

16         David Yang (SBN 246132)
dyang@hycounsel.com

17         Matthew J. Hawkinson (SBN 248216)
mhawkinson@hycounsel.com

18         Kevin Goldman (SBN 249894)
kgoldman@hycounsel.com

19         Patrick Park (SBN 246348)
ppark@hycounsel.com

20         HAWKINSON YANG LLP
8033 Sunset Blvd. #3300

21         Los Angeles, California 90046
Telephone: (213) 634-0370

22

23         Jonathan Barbee (*pro hac vice forthcoming*)
jbarbee@hycounsel.com

24         HAWKINSON YANG LLP
167 Madison Ave., Ste 205 #460

25         New York, NY 10016
Tel: (646) 389-4901

26         Attorneys for Plaintiff
KINGMARK MANUFACTURING

27         COMPANY

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28